---
Fuller *v.* Rowe.
---

---

## FULLER *vs.* ROWE, impleaded, &c.

An incoming partner, who becomes a member of the firm after a contract has been made by it with an individual, for work and labor to be done by him as superintendent, and performance has been commenced under it, is liable to the employee for the work and labor performed by the latter after such new partner becomes a member of the firm, and is elected and takes upon himself the duties of its chief managing and executive officer.

If the company is dissolved, and abandons its work, before the period for which the employee was hired expires, this gives the latter the right to bring his action for work and labor, the same as though no special contract had ever been made.

But he cannot be made liable for that portion of the indebtedness which accrued before he came into the firm, except by his own act or agreement founded upon a sufficient consideration.

Merely becoming a member of the firm is not sufficient, and raises no legal presumption against him. His promise or agreement, to pay previous debts of the firm, cannot be inferred from that circumstance alone.

Fuller *v.* Rowe.

The question, in such a case, is whether the incoming partner has assumed the old indebtedness. And this is a question of fact, or a mixed question of fact and of law, but not of law merely. If the referee fails to find that fact, no recovery can be had.

APPEAL from a judgment entered upon the report of a referee.

In February, 1866, the plaintiff was engaged by one Sweet, who assumed to be acting as president of a company styled "The Central City Coal Co.," to superintend the mining operations of the company, in Pennsylvania, for the term of one year, at the salary of $1800. The plaintiff was to commence his services on the 1st day of March thereafter, and did so commence, continuing his services until November following. The Central City Coal Co. never had any existence in fact, as a corporation. In April the defendant, Rowe, was elected president of the so-called company. After Rowe's election he assumed the duties of president, and the plaintiff acted under his instructions until the company suspended operations for want of funds. In addition to the services rendered by the plaintiff, he advanced moneys for the payment of laborers and expenses at the mines, which money was so advanced after Rowe assumed to be president. The plaintiff found serious obstacles in the progress of the work; the vein of coal which was being worked having cropped out, giving rise to serious question as to the feasibility of continuing operations. He then writes to Rowe, leaving it to him to abandon the work or proceed. He writes, "I am subject entirely to your orders." It was concluded to proceed with the works. Funds finally gave out, and in September a meeting was called to raise funds to pay off all who were employed on the works. Rowe presided, and paid in $1200, pursuant to the resolution of this meeting. The services of the plaintiff were found to be reasonably worth $150 per month.

The action was referred to a referee, who found the

facts substantially as above stated. He found also the following conclusions of law:

1st. The organization of the Central City Coal Company never having been perfected, the company, as such, was under no corporate liability to the plaintiff, and he had no remedy by action against the association attempted to be organized by that name, in its aggregate or corporate capacity.

2d. That where an organization is so defective as not to be liable as such to those outside of its association, with whom it attempts and professes to deal, and with whom contracts are made, then those members of the attempted organization, who acting in its name and clothed with an actual or assumed official capacity enter into contracts for service or employment and deal with the persons thus employed; and those who by their acts and contracts official and otherwise have recognized and adopted such contracts and the employment of parties thereunder, stand in the position of partners, as to the persons with whom they thus deal, and are liable as such.

3d. That it followed from the facts as they exist, and were found, that the defendants Sweet, Hills and Rowe, were jointly liable to the plaintiff for the services rendered and the moneys advanced by him, and that he was entitled to a judgment for the amount before stated to be due to him.

4th. That the defendants Barnes and Gifford not having been engaged in any official capacity in the attempted organization, nor entered into any contract with the plaintiff, or recognized or adopted the contract or employment of the plaintiff thereunder, could not be held to any liability as partners, and were not in that, or in any other capacity, responsible to him in this action.

Judgment was accordingly ordered against the defendants Sweet, Hills and Rowe, or such of them as had been served with process or had appeared in the suit, for the

Fuller *v.* Rowe.

sum of $1435.31, with costs to be taxed; and in favor of the defendants Barnes and Gifford, that the complaint be dismissed, with costs in their favor to be taxed.

From the judgment so entered the defendant Rowe appealed.

*D. Pratt,* for the appellant.

I. It is conceded that the parties interested in this coal company, especially those who took an active part in its operations, are liable as partners, upon all contracts entered into on behalf of the company, in which they were thus interested. 1. Although they may have supposed that they were simply acting as officers of an incorporated company, yet it was the business of those who assumed to be officers to know whether the company was incorporated or not. 2. It is not, therefore, denied that Rowe would be personally liable upon contracts made in the ordinary course of business of the company, after he became connected with it. (*Wells* v. *Gates,* 18 *Barb.* 554.)

II. But it is equally clear that he would not be liable for the non-performance of a contract made before he had any interest in the company, and which he has never in any manner assumed to perform. 1. The joint interest or joint liability, must be contemporaneous with the formation of the contract itself, in order to superinduce a corresponding liability to perform. (*Story on Part.* § 146, *&c. Gow. on Part. pp.* 151, 152. *Collyer on Part.* bk. 3, ch. 3, § 22. *Vere* v. *Ashby,* 10 *Barn. & Cress.* 288. *Young* v. *Heuster,* 4 *Taunt.* 282. *McGuire* v. *O'Hallaran, Hill & Denio,* 85. *Sloan* v. *Van Wyck,* 47 *Barb.* 634.) A completed contract between two parties, is binding only on the parties to it. If a new party becomes interested in the subject matter, he will not, for that reason, become bound by its stipulations, but can only be bound by some new agreement upon some new consideration. (*Same cases.*) Even where he admits his liability, he will not be bound unless

Fuller *v.* Rowe.

he was originally a party to the contract, or interested in it. 2. If a new party becomes interested, and before a full performance of the contract, it would undoubtedly be competent to cancel the old contract, and enter into a new one binding the new party. It was upon this principle that the case of *Sloan* v. *Van Wyck* was decided. The rule laid down by Judge MULLIN, in his dissenting opinion, " that there was no rule of law that would authorize a recovery against a person not originally a party to such contract," was not questioned by the majority of the court. The majority held that the effect of the transaction was, that the original contract was rescinded, and a new contract made, to which the person sought to be charged was a party. 3. In this case, it is expressly found by the referee, that when the contract was made between Sweet and the plaintiff, Rowe was not a party to, and had no interest in it; that it was not afterwards rescinded, nor was any new one made, but that the plaintiff performed his entire work under and in pursuance of the original contract. It comes, therefore, within the express words of Justice Bronson, in the case of *McGuire* v. *O'Hallaran,* (*supra.*) In that case he says : " If the party was hired for a year by one of the defendants, before there was any joint interest between them, and rendered the services under that retainer, then there was no contract either express or implied, between him and the defendants jointly." 4. In this case Rowe was held liable for work done before he became interested at all, some two and a half months. Surely there can be no pretense that he is liable for that time.

III. The referee clearly erred in holding Rowe liable, while he held Gifford and Barnes not liable.

*Wm. J. Wallace,* for the respondent.

The defendant Rowe, and the other parties who held themselves out as responsible for the transactions of the

Fuller *v.* Rowe.

Central City Coal Co., are liable as partners for the services rendered to them by the plaintiff.

I. Personal responsibility on the part of individuals constituting an association of any kind, to the full extent of the indebtedness of the association to third parties, can only be avoided by their becoming a corporation or association sanctioned by special or general statute. Companies or associations not so sanctioned, are but ordinary partnerships, and the law respecting them is the same. (18 *Barb.* 554. *Doubleday* v. *Muskett,* 7 *Bing.* 110, 115.) 1. Such liability is not avoided by the fact that the services were rendered under a contract entered into before the defendant became a member of the association, when the association received the substantial benefit of the contract after the defendant became a member, and the defendant was personally cognizant that the services were being performed. (2 *Car. & P.* 409. 49 *Barb.* 634.) 2. An incoming partner is liable for the debts of the old firm, upon proof of slight facts showing a recognition of the indebtedness. (*Story on Part.* §§ 152, 368.) Slight circumstances will authorize an inference that a partnership has adopted as a joint debt what was originally the separate debt of one partner. (*Buck,* 16, 174. 6 *Vesey, Jr.* 604. 8 *id.* 503.) In the language of Lord Thurlow, "If they have in any way considered the debt as a joint debt, I will understand it so, for a very little matter respecting those debts will make both liable." (1 *Vesey, Jr.* 131.)

II. The defendant Rowe is liable as a principal who has adopted the acts of an agent. Sweet contracted for the services of the plaintiff in behalf of a corporation, and to be rendered to a corporation, for the term of one year. They were to be paid for at the end of the year. The corporation could only receive the benefit of the services, direct their performance and pay for them through its officers for the time being. By necessary implication, therefore, Sweet assumed to act for all who might, during

the year, manage the affairs of the corporation. When the defendant became an officer of the corporation, he became one of the principals for whom Sweet had assumed to act, and he accepted the services and recognized the employment of the plaintiff. The principal thus adopted the action of Sweet. There is no objection to the defendant's liability on this theory, from the fact that Sweet was not his agent at the time of employing the plaintiff. To bind a party by ratification it is not necessary that any relation of agency should have existed between the parties previous to the ratification. The effect of the ratification is equivalent to a previous authority. (*Culver* v. *Ashley*, 19 *Pick.* 300, 304. *Finney* v. *Fairhaven Ins. Co.*, 5 *Metc.* 192.) It is true that Rowe assumed to be acting for the Central City Coal Co., in adopting Sweet's contract, but as he had no such official character, he is individually liable. (*See cases cited under* 1st *point*)

III. The defendant is liable to the plaintiff upon an implied contract to pay what the plaintiff's services were reasonably worth, and to pay the moneys advanced by the plaintiff in July, 1866; and in this view of the case, the agreement made with Sweet is of but little pertinency. 1. The agreement made by the plaintiff with the Central City Coal Company through Sweet lacked one of the essentials requisite to every contract, viz., two contracting parties. There being no such person *in esse* as the Central City Coal Company, there was no contract, and what was called an agreement was a nullity, because there was but one party to it, to wit, the plaintiff. 2. There being no express contract, the defendant and all those who accepted and received the plaintiff's services and money, are liable therefor upon an implied promise. 3. Upon this theory of the case, the defendant is liable for the full amount of the recovery, as follows: The plaintiff received $346 from the Central City Coal Company, and this should be applied to discharge the sum first becoming due for his services.

This would pay him up to the time when his services commenced under the defendant's instructions, and the defendant should be allowed any excess that might remain in the plaintiff's hands. Adding the amount of the plaintiff's advances to the sum unpaid for his services, and the same result is reached as is found by the referee. 4. It is true that the referee adopted another theory, but if the judgment is right upon any theory, it should be affirmed.

*By the Court,* JOHNSON, J. Upon the facts found, the " Central City Coal Company," in whose service the plaintiff engaged as superintendent, was never incorporated, but was, at the time of the plaintiff's employment, and continued through his term of service, to be, a mere association of individuals transacting business under that name. They were, in fact and in law, mere partners, and the case must be determined by the rules applicable to partnerships.

The defendant was what is termed an incoming partner, after the plaintiff had made his contract and commenced performing on his part. According to the other facts found by the referee in settling the case, not contained in the report, the defendant had no connection whatever with the company until after the plaintiff had been engaged in the performance of his contract for a period of two and a half months. The plaintiff continued in the employment of the company, under the original agreement, for a period of eight months, when the company disbanded, and suspended operations, and the plaintiff was thrown out of employment. The defendant is, beyond all doubt, liable to the plaintiff for the work and labor performed by him for the five and half months after he became a member of the company, and was elected and took upon himself the duties of its chief managing and executive officer.

The action is to recover the value of the work and

labor. This is the only action which could have been brought, for this purpose, as the original contract was never performed. The company dissolved and abandoned the work before the year for which the plaintiff was hired had expired. This gave the plaintiff the right to bring his action for his work and labor, the same as though no special contract had ever been made.

Had the action been upon the contract, to recover damages for a breach by the defendants, it probably could not have been maintained against the defendant, within the decided cases, as he was not a party to it originally, and is not shown to have become so, otherwise than by becoming a member of the partnership after the contract was made, and performance had been commenced by the plaintiff, under it. But that question is out of the way here. The only question here, upon the merits, is whether the defendant is liable to the plaintiff for his work and labor for the entire period of his services—eight months. Before the defendant came in, the value of the plaintiff's services was a debt and charge against the previous partners, with which the defendant had nothing to do. He could not be made liable for that portion of the indebtedness, except by his own act or agreement, founded upon a sufficient consideration. Merely becoming a member of the firm, is not sufficient, and raises no legal presumption against him. His promise or agreement to pay previous debts of the firm cannot be inferred from that circumstance alone. The question, in such a case, is whether the incoming partner has assumed the old indebtedness. This is a question of fact, or perhaps a mixed question of fact and of law. But it is not a question of law, merely. The true rule on this subject, and which is supported by nearly all the adjudged cases, is laid down by *Parsons* in his work on *Partnership*, 434, 435 and 436. (*Ayrault* v. *Chamberlin*, 26 *Barb.* 83, 88.)

The difficulty in the case now is, that the referee has

Fuller *v.* Rowe.

not found that there was ever any agreement on the part of the defendant to pay this portion of the indebtedness, or any binding assumption of it in fact. On the contrary, he finds that the defendant "never promised or assumed to pay him (the plaintiff,) except as such promise or assumption may legally result from his acts after he became president of the so-called company." It appears affirmatively, therefore, from the case as settled, that the defendant was held liable upon the legal inference arising from his conduct and subsequent dealings with the plaintiff. If the referee had found the fact, from such conduct and dealings, and the other circumstances surrounding the transaction, of the promise or assumption, the legal inference would have been correct. But no such legal inference can be drawn from such facts and circumstances, until the conclusion of fact from them has been found. But it is certain that the conclusion of fact was not found. Such a fact may be found from other facts and circumstances attending the entire transaction, but the legal inference cannot be drawn from them, but must be drawn from the conclusion of fact, gathered and found from such collateral facts and circumstances. We might, perhaps, within the rule established by the Court of Appeals, have presumed that the referee had found this conclusion of fact in support of his decision on the legal questions, were it not that the case, as settled, shows expressly that no such conclusion had been found, and forbids such presumption.

It appears from the case, therefore, that the recovery, as against the defendant, is for two and a half months' services too much, which, at the rate allowed by the referee, would amount to $375.

It is claimed by the plaintiff's counsel, that even if the plaintiff is not entitled, upon the facts found, to recover as against the defendant for this two and a half months'

services, still the payments which have been made should be applied upon the indebtedness for those services, that being the oldest debt. But the difficulty in respect to this is, that as the case stands, it was not the oldest debt, as to the defendant, or as to the company as it was constituted after the defendant came in. After that the money paid was the money of the partnership as then constituted, and could not be applied to the payment of the debts of a different partnership, without an express agreement that it might be so applied; or unless the defendant had in fact made himself jointly liable with the others for the payment of the older debt. In that case the law would so apply it, no particular application having been made by either party. The same difficulty, therefore, confronts us here as upon the other point. The fact is not found, and the referee has shown us that he did not deem it necessary that it should be found.

The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event; unless the plaintiff shall stipulate to deduct the said sum of $375 from the amount of damages included in the judgment as of the day of the entry of judgment; in which case judgment is affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, May 1, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]